■ In the Matter of PAMASAL, INC., Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— In a proceeding under article 78 of the former Civil Practice Act, to annul a determination of the State Rent Administrator which dismissed petitioner's protest against the Administrator's order denying decontrol of the subject premises, petitioner appeals from an order of the Supreme Court, Kings County, dated December 3, 1962, which upon reargument adhered to the court's original determination denying the application and dismissing the petition. Order affirmed, with costs. We do not pass upon whether actual demolition of existing structures is required before an improvement may be deemed a "housing accommodation which was completed on or after February 1, 1947" so as to be exempt from rent control (Emergency Housing Rent Control Law, § 2, subd. 2, par. [g]; L. 1946, ch. 274, as amd.). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ NATHANIEL KAZ, Also Known as NATHAN KATZ, Appellant, v. KAYE KAZ, Also Known as SARAH K. KATZ, Respondent, et al., Defendants.— In a replevin action, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered March 14, 1963 upon the court's decision after a nonjury trial, in favor of the defendant Kaye Kaz. Judgment modified on the law as follows: (1) by deleting the item numbered "31" from its second decretal paragraph which declared defendant Kaye Kaz to be the owner of the 32 works of art therein enumerated; and (2) by deleting the item numbered "8" from its third decretal paragraph which declared said defendant to be entitled to the possession of the 9 works in storage therein enumerated. As so modified, the judgment is affirmed, without costs. The findings of fact contained in the court's decision are affirmed. Item 8 is obviously a duplication of item 31 as to which the defendant Kaz' claim was withdrawn at the trial. In our opinion, the evidence is sufficient to support the findings of the trial court that the defendant Kaz is the owner of all the other items enumerated in the judgment. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.